FILED

2004 JAN 16 P 2: 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN E. DEHGHAI & <br> FARZANEH DEHGHANI <br> on behalf of themselves and all others <br> similarly situated <br><br> VS. <br><br> ASTA FUNDING, INC. <br> PALISADES COLLECTION, LLC <br> GULF STATE CREDIT, LLC <br> AND OSI, INC. | ) <br> ) <br> ) <br> )CIVIL NUMBER: 303CV00479 RNC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )            January 14, 2004 |

## MOTION FOR REIMBURSEMENT OF COSTS OF SERVICE
## AND FOR COUNSEL FEES

Pursuant to Fed.R.Civ.P. 4(d)(5), the Plaintiffs in the above captioned matter hereby move for an order of the Court directing the Defendants Asta Funding, Inc. and Palisades Collection, LLC to reimburse the Plaintiffs for the costs of service of summons upon said Defendants, along with reasonable attorney's fees associated with the filing of this Motion. In support of this Motion, the Undersigned respectfully represents as follows:

These proceedings were commenced on March 19, 2003. On March 28, 2003, the Plaintiff mailed a Notice of Lawsuit and Request for Waiver f Summons to the Defendants Palisades Collection, LLC (Palisades) and Asta Funding, Inc. (Asta) by mailing the same to their last appointed Agent for Service, which were Corporation

Service Company and Prantice Hall Corporation System, Inc. respectively[1] (See copy of the Notice of Lawsuit and Request for Waiver of Summons attached hereto as Exhibit "A").

The Plaintiffs did not receive a signed waiver of service back from Defendants Pallisades and Asta, and were therefore forced into using the services of Robert S. Miller, a Connecticut State Marshal, in order to effectuate service upon said Defendants. The executed return of service was returned to the Court subsequent to the service of the documents. The Marshal's cost of the service of process on the Defendants Palisades and Asta total $253.00, at a cost $126.20 per Defendant. (See copies of the Marshal's bills attached hereto as Exhibit "B").

The Plaintiff had previously requested, on October 6, 2003, reimbursement for the costs of service from the Defendants' counsel. However, as of the date of this Motion, the Defendants' counsel had not responded to that request. (See copy of the Plaintiffs' counsel's letter to the Defendants' counsel attached hereto as Exhibit "C").

Additionally, the undersigned have spent three quarters of an hour in drafting and reviewing this Motion, which at the undersigned's current hourly rate of $250.00 translate into $187.50. As a courtesy to the Defendants, the Plaintiffs waive the additional counsel time that was spent by them in preparing, delivering, reviewing and filing of the summons to the Marshal and with the Court. Attached to this Motion is an affidavit regarding counsel fees incurred in relation to this Motion.

---

[1] Notwithstanding the fact that both of these Defendants conduct business in the State of Connecticut, at the time of the filing of this Complaint, neither was registered with the Connecticut Secretary of the State.

**WHEREFORE**, The Plaintiffs respectfully request that the Court issue an order requiring that the Defendants Palisades and Asta reimburse the Plaintiffs for their costs associated with the service of process in this case.

The Plaintiffs

BY_____
Kevin E. Dehghani, Esq.
205 Church Street
Suite 438
New Haven, CT 06510
Telephone: 203-773-9513
Fed. Bar No.: ct17511

## **ORDER**

The Foregoing Motion having come before the Court, it is hereby ordered:
GRANTED / DENIED.

BY THE COURT

_____
(            ) Judge / Magistrate / Clerk

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, on January _15_, 2004,

postage prepaid, to the following Counsel of record:

Donald P. Guerrini, Esq.
Law offices of Duborg & Farrell
200 Glastonbury Boulevard (#301)
Glastonbury, CT 06033

Terence S. Hawkins, Esq.
205 Church Street
Suite 304
New Haven, CT 06510

_____
Kevin E. Dehghani

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN E. DEHGHAI & <br> FARZANEH DEHGHANI <br> on behalf of themselves and all others <br> similarly situated <br><br> VS. <br><br> ASTA FUNDING, INC. <br> PALISADES COLLECTION, LLC <br> GULF STATE CREDIT, LLC <br> AND OSI, INC. | )<br>)<br>)<br>)CIVIL NUMBER: 303CV00479 RNC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) January 15, 2004 |

## AFFIDAVIT

Kevin E. Dehghani, being duly sworn, deposes and says:

1.   I am over the age of eighteen (18) and understand the obligation of an oath.

2.   I am attorney licensed to practice law in the State of Connecticut.

3.   I spent approximately .75 hours in preparing the attached Motion for Reimbursement of Costs of Service and for Counsel Fees.

4.   My current hourly rate is $250.00 per hour.

Kevin E. Dehghani, Esq.

STATE OF CONNECTICUT)
)     ss; New Haven          January 15, 2004
COUNTY OF NEW HAVEN)

Subscribed and sworn to before me this 5 day of January, 2004.

Carlos E. Candal
Commissioner of Superior Court

# EXHIBIT "A"

AO 398 (Rev. 12/93)



# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    (A) *Corporation Service Company*

as (B) *Agent for Service*    of (C) *Palisades Collection, LLC*

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of *Connecticut*

and has been assigned docket number (E) *303 CV00479 RNC*

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) *30* days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this *28* day of *March* , *2003* .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days *(60 days if located in foreign country)* in which to return waiver.

AO 39 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS



TO: __Terence S. Hawkins__

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of __Dehghani, et al vs. Astafunding, Inc, et al__,

(CAPTION OF ACTION)

which is case number __303CV00479 RNC__ in the United States District Court

(DOCKET NUMBER)

for the _____ District of __Connecticut__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

If an answer or motion under Rule 12 is not served upon you within 60 days after __3/28/2003__

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                                      (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                    (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 393 (Rev. 12/93)



## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A) _Prentice Hall Corporation System, Inc._

as (B) _Agent for Service_ of (C) _Astafunding Inc._

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of _Connecticut_

and has been assigned docket number (E) _303 CV 00479 RNC_

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _30_ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _28_ day of _March_, _2003_.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver.

AO 399 (Rev. 10/95)

COPY

## WAIVER OF SERVICE OF SUMMONS

TO: ___Terence S. Hawkins___
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _Dehghani, et al vs. Astafunding Inc, et a_
(CAPTION OF ACTION)

which is case number _303 CV 00479 RNC_ in the United States District Court
(DOCKET NUMBER)

for the _____ District of _Connecticut_.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _3/28/2003_,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                (SIGNATURE)

Printed/Typed Name: _____

As_____ of _____
(TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT "B"

# ROBERT S. MILLER

## STATE MARSHAL NEW HAVEN COUNTY

201 Orange Street
New Haven, CT 06510
PHONE: 203-787-4805
FAX:203-782-3860
S.S. # 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

August 13, 2003

Kevin E. Dehghani, Esq.
205 Church Street
Suite 438
New Haven, CT 06510

Re: Kevin Dehghani, et al vs. Palisades Collection, LLC
Summons in a Civil Action

SERVICES RENDERED...........$ 126.20

**ROBERT S. MILLER**
STATE MARSHAL NEW HAVEN COUNTY
201 Orange Street
New Haven, CT  06510
PHONE: 203-787-4805
FAX: 203-782-2660
S.S. # 041.50.1514

August 13, 2003

Kevin E. Dehghani, Esq.
205 Church Street
Suite 438
New Haven, CT  06510

Re:  Kevin E. Dehghani vs. Asta Funding, Inc.
     Summons in a Civil Action

SERVICES RENDERED............$ 126.20

# EXHIBIT "C"

TERENCE S. HAWKINS
attorney at law


October 6, 2003


Via Fax: 860-633-0694


Donald P. Guerrini, Esq.
Law Offices of DuBorg & Farrell
200 Glastonbury Boulevard (#301)
Gastonbury, CT 06033

**RE: Kevin Dehghani, et al vs. Asta Funding, Inc.  et al**

Dear Don:

I don't know if you are aware of this, but your clients Asta Funding and Palisades Collection failed to respond to the complaints by mail.  As a result, we were required to serve them.  Enclosed you will find copies of the marshal's bills for having done so.  I would appreciate it greatly if you will reimburse us without the necessity for a motion.

Best regards,


Terry
TSH/cs
Enc.

TRANSMISSION VERIFICATION REPORT

```
                                          TIME  : 10/06/2003 12:33
                                          NAME  :
                                          FAX   : 2034986089
                                          TEL   :
```

```
DATE,TIME          10/06  12:32
FAX NO./NAME       918606330694
DURATION           00:00:56
PAGE(S)            03
RESULT             OK
MODE               PHOTO
                   ECM
```

TERENCE S. HAWKINS
attorney at law

October 6, 2003

Via Fax: 860-633-0694

Donald P. Guerrini, Esq.
Law Offices of DuBorg & Farrell
200 Glastonbury Boulevard (#301)
Glastonbury, CT 06033

Re: Kevin Delghani, et al vs. Asta Funding, Inc. et al

Dear Don:

I don't know if you are aware of this, but your clients Asta Funding and Palisades
Collection failed to respond to the complaints by mail. As a result, we were required to
serve them. Enclosed you will find copies of the marshal's bills for having done so. I
would appreciate it greatly if you will reimburse us without the necessity for a motion.

Best regards,

Terry