**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KEVIN DEHGHANI, ET AL : | |
| Plaintiffs : | CIVIL NO.: |
| : | 3:03 CV 00479 (RNC) |
| V. : | |
| : | |
| ASTA FUNDING, INC., et al. : | APRIL 23, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS OBJECTION TO PLAINTIFFS' MOTION FOR CONTEMPT
### AND
### DEFENDANTS MOTION TO SET ASIDE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR REIMBURSEMENT OF COSTS OF SERVICE AND FOR COUNSEL FEES

On or about January 14, 2004, the Plaintiff's moved the court for an order directing the Defendants Asta Funding, Inc. and Palisades Collection, LLC to reimburse Plaintiffs for the costs of service of summons upon said defendants, along with reasonable attorney's fees associated with the cost of the motion.

The court, (Hon. Donna Martinez, USMJ) granted said motion absent objection on February 12, 2004.

The undersigned represents that it has come to his attention subsequent to the filing of plaintiffs motion for contempt, that the waiver of service of summons were signed and returned on April 8, 2003 to counsel for the plaintiffs, Attorney Terrence S. Hawkins, Esq., 205 Church Street, Suite 304, New Haven, CT 06510. Said copies of the waivers of service were in defendant's warehouse and were recently located.

Copies of said Waiver of Service of Summons are attached.

Inasmuch as said waivers were returned to plaintiffs' counsel, the defendants move the court to set aside its order granting costs and counsel fees, and sustain defendants' objection to plaintiffs' motion for contempt.

Dated at Glastonbury, Connecticut, this 23rd day of April, 2004.

DEFENDANTS

BY _____
Donald P. Guerrini      (CT 11626)
Law Offices of Brian J. Farrell, Jr.
200 Glastonbury Boulevard (#301)
Glastonbury CT 06033
TEL.: 860/633-4797/FAX:   860/633-0694

## CERTIFICATION

I hereby certify a copy of the foregoing **OBJECTION TO PLAINTIFFS' MOTION FOR CONTEMPT and MOTION TO SET ASIDE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR REIMBURSEMENT OF COSTS OF SERVICE AND FOR COUNSEL FEES** was mailed on April 23, 2004, postage prepaid, to all counsel and pro se parties of record as of said date:

Terrance S. Hawkins, Esq.
205 Church St., # 304
New Haven, CT 06510

Kevin E. Cehghani, Esq.
205 Church Street, #438
New Haven, CT 06510

BY: _____
Donald P. Guerrini    (CT 11626)
Law Offices of Brian J. Farrell, Jr.
200 Glastonbury Boulevard (# 301)
Glastonbury CT 06033
Tel:   860/633-4797
Fax:   860/633-0694

T-595  P.03/03  F-406

RECEIVED
APR 0 8 2003
By:___

AO 399 (Rev. 10/95)

**FILE COPY**

## WAIVER OF SERVICE OF SUMMONS

TO: __Terence S. Hawkins__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Palisade Collections, L.L.C.__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Dehghani, et al vs. Astafunding et al__,
(CAPTION OF ACTION)

which is case number __303 CV00479 RNC__ in the United States District Court
(DOCKET NUMBER)

for the _____ District of __Connecticut__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __3/28/2003__,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

__4-8-03__          __Vanessa Thompson__
(DATE)                (SIGNATURE)

Printed/Typed Name: __Vanessa Thompson__

As __Assignee__, of __Palisade Collections, L.L.C.__
   (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

T-006   P.02/03   F-406

AO 399 (Rev. 10/95)

# FILE COPY

**WAIVER OF SERVICE OF SUMMONS**

RECEIVED APR 0 8 2003 By___

TO: _Terence S. Hawkins_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _Asta Funding_
(DEFENDANT NAME)
, acknowledge receipt of your request that I waive service of summons in the action of _Dehghani, et al vs. Astafunding et al_
(CAPTION OF ACTION)

which is case number _303 CV 00479 RNC_
(DOCKET NUMBER)
in the United States District Court

for the _____ District of _Connecticut_.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _3/28/2003_,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_4-8-03_
(DATE)

_Vanessa K. Thompson_
(SIGNATURE)

Printed/Typed Name: _Vanessa K. Thompson_

As _Assignee_ of _Asta Funding_
(TITLE)    (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.